IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keran R. Ludwick, | ) | CASE NO.:   2:23-cv-3372-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Urban Nirvana, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW PLAINTIFF Keran R. Ludwick (hereinafter, "Keran" or "Plaintiff"), by and through undersigned counsel, complaining of Urban Nirvana, LLC, (hereinafter, "Defendant"), and alleges and shows unto this Honorable Court as follows:

**PARTIES**

1.      Plaintiff is a citizen and resident of Berkeley County, South Carolina.

2.      Urban Nirvana, LLC, is a limited liability company organized and existing pursuant to the laws of the state of South Carolina.

**JURISDICTION AND VENUE**

3.      Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

4.      Jurisdiction of this Court arises under 42 U.S.C. § 2000(e), *et seq*. and 42 U.S.C. § 1981.

5.      At all times relevant to the allegations of this Complaint, Defendant operated a facility in the State of South Carolina.

6.      Upon information and belief, at all times relevant to the allegations in this Complaint, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year in the State of South Carolina.

7.      All acts and omissions giving rise to this Complaint took place in Dorchester County, South Carolina.

8.      This Honorable Court has jurisdiction over the subject matter hereof and parties hereto, and venue is proper in this forum.

## PROCEDURAL PREREQUISITES

9.      Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

10.     Plaintiff has exhausted all federal administrative remedies.

11.     Plaintiff's charge of discrimination was filed on or about September 23, 2022 with the South Carolina Human Affairs Commission.

12.     On February 3, 2023, the South Carolina Human Affairs Commission transferred the Plaintiff's charge of discrimination to the U.S. Equal Employment Opportunity Commission (EEOC).

13.     On April 28, 2023, the EEOC issued a Right-to-Sue letter.

14.     This suit is timely filed within ninety (90) days of said notice.

## FACTUAL ALLEGATIONS

15.     Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16.     In and around May 2015, Defendant offered Plaintiff fulltime employment at its North Charleston, South Carolina location as a Lead Therapist. Plaintiff was a Lead Massage Therapist, Master, and Trainer during the time of these incidents.

17.     As part of the Defendant's employment offer to Plaintiff, the Defendant guaranteed to Plaintiff that:

    a. Defendant was an Equal Opportunity Employer;

    b. Defendant published and maintained promissory policies and procedures that provide equal employment opportunities to all employees and applicants without regard to race, color, religion, sex, gender, genetic information, national origin, age, veteran status, disability, or any other status protected by federal or state law; and

    c. Defendant's decisions regarding recruitment, selection, hiring, promotion, compensation, and benefits will be administered without regard to race, color, sex, creed, religion, age, national origin, physical disability, political affiliation, and in compliance with all applicable state and federal statutes and regulations.

18. In consideration of Defendant's full-time employment offer, salary, and Defendant's express Equal Opportunity Employer policies and procedures, Plaintiff accepted a position with Defendant.

19. From May of 2015 until March of 2021, Plaintiff had a positive experience as Defendant's employee.

20. Plaintiff was considered an exemplary employee who capably performed all her position duties.

21. In March of 2021, Defendant assigned Plaintiff, a female, to perform a practical interview with a potential new employee, James Wesley, (hereinafter, "Wesley"). This practical interview consisted of Wesley performing a massage on Plaintiff. The Plaintiff requested another employee be present during the interview for her own protection and pursuant to standard practices when a male is to perform a practical to a female. The Defendant denied her request and forced Plaintiff to conduct the interview massage alone.

22.    Shortly after Wesley was hired by the Defendant, a female officer from a local Police Department visited the Defendant's North Charleston location. After receiving a massage, the officer reported to the director, Jennifer Dauble (hereinafter, "Dauble"), that Wesley may be acting inappropriately towards female customers. Defendant took no action towards Wesley after this report from a police officer.

23.    From the time he was hired, Wesley referred to female staff, including Plaintiff, with nicknames such as "honey," "sweetie," or "baby". The female staff, including Plaintiff, reported their complaints to their direct manager, Rachel Reisinger, (hereinafter, "Reisinger"). Reisinger assured the female staff that Wesley's behavior would be addressed. Wesley's inappropriate comments did not stop and Plaintiff reported again to her manager, Reisinger. Reisinger reassured Plaintiff that she had talked to Wesley about his inappropriate comments. Despite, Reisinger reassurances, Wesley's behavior continued to be demeaning and insulting to female employees.

24.    In September and October of 2021, Wesley constantly and continuously acted inappropriately towards female employees, including Keran, and would ask Plaintiff out on dates or demand that she cook for him. Despite the Plaintiff's continual rebuffs and rejection of Wesley's inappropriate behavior and requests, he continued to harass her, which she reported to management.

25.    In March of 2022 Wesley's behavior escalated; Wesley sexually assaulted Keran at the Defendant's North Charleston location. Keran was at one end of a room seated by the towel rack on her phone during a break. Wesley stated, "How long are you going to make me wait?" Before Plaintiff could address his remarks, Wesley forcefully grabbed Keran and wrapped both of his arms around Plaintiff and pulled her tight into and against his body. Wesley stated, "to be my

girlfriend." Plaintiff, had to physically push him away and responded "never" and immediately left to again complain to her direct manager, Rebecca Phillips (hereinafter, "Phillips"). Phillips ignored the Plaintiff's concerns and complaints. Plaintiff brought her concerns to upper manager, Billy Vaughn (hereinafter, "Vaughn"), who also ignored Keran's complaints. Plaintiff then brought her concerns to the director, Dauble. Dauble assured Plaintiff that she would look into the claims and would inform Susie, one of the Defendant's owners.

26.     Upon arrival to work the following day after Plaintiff told multiple levels of management, she was greeted by Susie, Reisinger, Vaughn, Phillips, and Dauble. Plaintiff was informed by Phillips that she spoke to Wesley about the incident. It was clear that Phillips, and other managers, did not take Plaintiff's concerns seriously and took no steps to stop Wesley's behavior. When Plaintiff expressed her continuing concerns with Wesley's behavior to Phillips, she laughed it off and stated, "Maybe Mr. Wesley just likes you."

27.     Plaintiff followed up with Vaughn, the day after all managers were at the North Charleston location, with her concerns about Wesley. Defendant did not take any action with regard to Wesley's clearly illegal behavior.

28.     In April of 2022, Ms. Phillips, Keran's supervisor, was also sexually harassed by Wesley. Phillips immediately reported her incident to Dauble and Vaughn. As with Keran's complaints, this assault was ignored by management of the Defendant. Ms. Phillips ended up resigning over the incident. The Defendant's response was to demote and strip Keran of certain credentials which resulted in Keran losing income. It was clearly intended to harm Keran for her complaints.

29.     Soon after the Defendant retaliated against Keran, and it was clear that management and owners of the Defendant were not going to rectify the situation with Wesley, Keran had no choice but to resign her position for her own safety.

**FOR A FIRST CAUSE OF ACTION**
(Gender Discrimination- Title VII of the Civil Rights Act of 1964)

30.    Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if specifically set forth herein.

31.    Plaintiff, as woman, is a member of a protected group by virtue of her gender.

32.    As a result of her gender, Plaintiff's supervisors singled her out for disparate treatment, subjected her to unequal discipline, and harsher treatment, despite her exemplary performance.

33.    Plaintiff was forced to resign due to her treatment by Wesley and her fear due to the escalation in his behavior, all in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000(e) *et seq.*, and the Equal Employment Opportunity Act.

34.    Defendant's failed to provide any legitimate reason to Keran in regard to the preferential treatment of Wesley, and male employee, over that of Keran and other female employees.

35.    Defendant willfully, wantonly, and recklessly discriminated against the Plaintiff by:

   a.    Harassing and discriminating Plaintiff due to her gender;

   b.    Giving preferential and favorable treatment to at least one male employee;

   c.    Demoting Keran in retaliation for reporting sexual discrimination, harassment, a hostile work environment; and

   d.    forcing Keran to resign due to her unfair treatment.

36.    In failing to protect Keran from sexual discrimination and preferential treatment to a male employee, failing to abide by its own policies and procedures, and failing to follow the law, the Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights set forth in Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000(e) *et seq.*) and the Equal Employment Opportunity Act.

37.    Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. § 2000(e) *et seq.*), and the Equal Employment Opportunity Act by allowing discrimination against the Plaintiff and preferential treatment of male co-workers, in the workplace.

38.    Plaintiff's gender was a determining factor in Plaintiff's disparate treatment and constructive termination. But for the Plaintiff's sex, she would not have been harassed or terminated.

39.    As a direct and proximate result of Defendant's sexual discrimination, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries in an amount to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
(Employer Retaliation- Title VII of the Civil Rights Act of 1964)

40.    Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.    Plaintiff reported sexual harassment at the hands of her coworkers to the Defendant's upper management in compliance with Defendant's policies and procedures.

42.    Plaintiff's reports were made in good faith and constituted a protected activity under Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000(e) *et seq.*).

43.    Shortly after making said reports, the Defendant retaliated against and demoted Plaintiff, in violation of 42 U.S.C. § 2000(e)(3).

44.    Defendant failed to state any legitimate reason for the retaliation.

45.    Plaintiff's reports of sexual discrimination were a determining factor in the retaliation and constructive termination of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been retaliated against.

46.     Defendant willfully, wantonly, and recklessly discriminated against the Plaintiff for engaging in a protected activity.

47.     Defendant's conduct was retaliatory in nature and was done in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000(e) *et seq.*).

48.     In failing to protect Plaintiff from retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set forth in Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000(e) *et seq.*).

49.     Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000(e) *et seq.*), and the Equal Employment Opportunity Act by allowing retaliation to exist in Plaintiff's workplace.

50.     As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered damages in the form of future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

51.     Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for the federally protected rights of the Plaintiff, entitling Plaintiff to punitive damages.

### FOR A THIRD CAUSE OF ACTION
(Hostile Work Environment- Title VII of the Civil Rights Act of 1964)

52.     Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

53.     The Defendant discriminated against Plaintiff by failing to correct the illegal behavior of its employees, causing a hostile work environment for female employees.

54.     The Defendant's sexual discrimination against Plaintiff in her workplace violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e) *et seq.*).

55.     Defendant willfully, wantonly, and recklessly subjected Plaintiff to harassment and discrimination due to her sex and as retaliation for reporting sexual harassment and sexual discrimination.

56.     Defendant's wrongful actions arose from Plaintiff's protected activity, and Defendant's harassment and discrimination, subjected Plaintiff to a hostile work environment.

57.     By permitting a hostile work environment, the Defendant violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e) *et seq.*).

58.     Defendant intentionally, wantonly, and recklessly discriminated against Plaintiff by subjecting her to a hostile work environment.

59.     As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, hostile work environment, and constructive termination of Plaintiff, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income, and other past and future losses.

**FOR A FOURTH CAUSE OF ACTION**
**(Breach of Contract)**

60.     Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

61.     Defendant offered to employ Plaintiff and to protect Plaintiff from discrimination by abiding by its Equal Opportunity Employer policies and procedures.

Page 9 of 12

62.    Plaintiff accepted Defendant's employment offer in exchange for salary and Defendant's promise to abide by its Equal Opportunity Employer policies and procedures.

63.    At all times during the course of her employment Plaintiff relied on the specific promises contained in Defendant's anti-discrimination and equal employment opportunity policies and procedures.

64.    Plaintiff performed her job duties with due diligence.

65.    Defendant unjustifiably failed to perform its duties by failing to protect Plaintiff on the basis of her sex and failing to protect Plaintiff from sexual discrimination and a hostile work environment.

66.    Defendant failed to follow its equal employment opportunity and anti-discriminatory policies when they retaliated against Plaintiff for availing herself of its policy that was intended to protect her from retaliation based upon her complaints of sexual discrimination.

67.    Defendant failed to protect Plaintiff on the basis of her sex and retaliated against Plaintiff when she made complaints in compliance with the anti-discrimination and sexual harassment policies.

68.    Defendant's conduct was done in bad faith and in breach of the implied covenant of good faith and fair dealing.

69.    Defendant's breach of Plaintiff's employment contract resulted in Plaintiff's termination in January of 2020.

70.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered actual, consequential, and resulting damages in an amount to be determined by the trier of fact.

## FOR A FIFTH CAUSE OF ACTION
### (Intentional/Negligent Infliction of Emotional Distress)

71.     Plaintiff hereby repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

72.     The Defendant intentionally, negligently and/or recklessly inflicted severe emotion distress, or knew that distress would probably result from their conduct.

73.     The Defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency, and must be regarded as atrocious and utterly intolerable in a civilized community.

74.     The Defendant's actions in-fact directly caused the Plaintiff emotional distress.

75.     The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

76.     As a result of the Defendant's conduct, Plaintiff is entitled to actual and punitive damages.

WHEREFORE, having fully complained of Defendant, Plaintiff respectfully prays for judgment in her favor, and against Defendant, on all causes of action; for an award of actual, consequential, resulting, nominal, compensatory, and punitive damages in an amount to be determined by the trier of fact; for an award of pre and post-judgment interest, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

(SIGNATURE PAGE AS FOLLOWS)

KOONTZ MLYNARCZYK BELGER, LLC

s/Adam Mlynarczyk
Adam Mlynarczyk (Fed. Bar No.: 8070)
C. Brandon Belger (Fed. Bar No.: 11280)
1058 East Montague Avenue
North Charleston, South Carolina 29405
T: (843) 225-4252
F: (843) 277-9120
adam@kmlawsc.com
brandon@kmlawsc.com
Attorneys for Plaintiff

July 14, 2023
North Charleston, South Carolina