IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Keran R. Ludwick,                              )   Civil Action No.: 2:23-3372-BHH
                                               )
                            Plaintiff,         )
                                               )
            v.                                 )   __ORDER__
                                               )
Urban Nirvana, LLC,                            )
                                               )
                            Defendant.         )
_____              )

Plaintiff Keran R. Ludwick ("Plaintiff") filed this employment discrimination action against her former employer, Urban Nirvana ("Defendant"). On August 21, 2023, Defendant filed a motion to partially dismiss, or in the alternative, a motion for partial summary judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. (ECF No. 5.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On December 12, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant in part and deny in part Defendant's motion to dismiss. Specifically, the Magistrate Judge recommended that the motion be granted as to Plaintiff's breach of contract and negligent infliction of emotional distress claims but denies as to Plaintiff's Title VII discrimination and hostile work environment claims. Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 14), and the Court grants in part and denies in part Defendant's motion to dismiss (ECF No. 5).** Specifically, the Court grants the motion as to Plaintiff's claims for breach of contract and negligent infliction of emotional distress but denies the motion as to Plaintiff's Title VII claims for discrimination and hostile work environment. Having adopted the Magistrate Judge's Report, the following claims may now proceed to discovery: the claims for sex discrimination, retaliation, hostile work environment, and intentional infliction of emotional distress.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 3, 2024
Charleston, South Carolina